*Northern District*

No. 5507

**HARRY SEIDMAN d-b-a
KWICKEE-CAR AUTO LAUNDRY**
**v.**
**McCOY MACHINE AND ENGINEERING CORP.**

(June 22, 1961)

*Present:* Brooks, P. J., Eno & Northrup, JJ.

Case tried to *Parker, J.,* in the Third District Court of Eastern Middlesex. No. 3063.

*Northrup, J.* This is an action of contract to recover $1150 deposited with the defendant under a written lease of personal property. The plaintiff's declaration is in two counts. The first count is on the contract, and the second count is for monies had and received. The defendant's answer is a general denial and payment.

*At the trial there was evidence tending to show that* on August 5, 1957 the plaintiff and the defendant entered into a written agreement by the terms of which the defendant agreed to manufacture and lease to the plaintiff a wheel washing machine for a period of three years at a rental of $115 a month. The agreement contained the following provision:

"3. COLLATERAL SECURITY: The Lessor hereby acknowledges receipt from the Lessee of the sum of eleven hundred and fifty dollars, given by the Lessee to the Lessor as a further consideration for the Lessor's entering into this lease. It is agreed that said sum has been deposited with

the Lessor as security for the faithful performance of and compliance with all the terms, covenants, and conditions in the within lease contained. It is further agreed that if the Lessee fails to comply with each and every covenant and condition of the within lease, then in that event the said sum of eleven hundred and fifty dollars herein deposited as security shall belong to the Lessor as fixed, liquidated and agreed damages in payment of such disbursements and costs that it may incur for the purpose of regaining possession of said machine and for the payment of any rent then due from the Lessee. The Lessor agrees that if there is any surplus remaining, after the payment of any expenditures incurred by the Lessor in regaining possession of said machine and after deducting any sums for rent that may be due from the Lessee, said surplus will be returned to the Lessee."

In September of 1957 the defendant shipped the machine to the plaintiff who installed it in his place of business according to the plumbing and electrical specifications furnished by the defendant. The plaintiff operated the machine for two days and being dissatisfied with its performance at his own expense, returned it to the defendant and demanded return of the deposit which was refused. All rent due by the plaintiff under the lease had been paid up to the date of redelivery of the machine to the defendant.

The defendant duly filed ten requests for rulings of law which, with notation of the trial court's ruling on each, read as follows:

1. On all the evidence and pleadings a

finding for the defendant is required. —*Denied*.

2. As a matter of law, a finding is required that the wheel washing machine leased by the defendant to the plaintiff pursuant to the written contract was satisfactorily designed, manufactured and inspected prior to the time of the lease of said machine to the plaintiff. —*Denied*.

3. As a matter of law, a finding is required that the wheel washing machine leased by the defendant to the plaintiff pursuant to the written agreement satisfactorily performed the work for which it was constructed and leased. —*Denied*.

4. Under the Massachusetts law, a party cannot base liability upon a breach of warranty, express or implied, unless the said warranty is based upon the sale of the article involved. There can be no warranty, express or implied, in the absence of a sale. —*Denied*.

5. A finding is required in the instant case that the transfer of the wheel washing machine by the defendant to the plaintiff constituted a bailment. —*Denied*.

6. As a matter of law, a finding is required that the transfer of the wheel washing machine by the defendant to the plaintiff did not constitute a sale. —*Granted*.

7. The terms of the lease agreement ex-

ecuted by the plaintiff and the defendant require a construction as a matter of law that the defendant made no express warranties concerning the fitness or suitability of the wheel washing machine leased by the defendant to the plaintiff. —*Granted.*

8. A finding is required as a matter of law that the agreement executed by the plaintiff and the defendant expressly excluded any understandings, warranties or representations, express or implied, concerning the suitability, fitness or merchantability of the wheel washing machine leased pursuant to said agreement. —*Granted.*

9. A finding is required that the Lessee failed to comply with the covenants and conditions of the written lease executed by the parties and thereby breached the written agreement. —*Denied.*

10. A finding is required that the plaintiff failed to operate, maintain and repair the machinery leased pursuant to said agreement in accordance with the Manual of Instructions furnished by the defendant to the plaintiff. —*Denied.*

The trial court found for the plaintiff, and the defendant claims herein to be aggrieved by the trial court's rulings on its requests Nos. 1, 2, 3, 4, 5, 9, and 10.

We find no error in the disposition of any

of these requests for the reason that none of them are relevant to the narrow issue before the court which was related solely to the interpretation of the pertinent provisions of the lease.

The defendant argues it had the right to hold the deposit because the plaintiff breached its agreement. However, the short answer to this contention is that the lease provides otherwise. It is specifically set forth therein exactly what the lessor may do with the deposit money, and how it must be disposed of, in the event of the failure of the lessee to comply with the terms and conditions of the lease. The lessor, in said event is authorized to retain such portion of the deposit money as is necessary to reimburse itself for any expenses incurred in regaining possession of the machine and also for any rent "then" due. There is nothing in the lease which can possibly be construed as giving the lessor the right to hold the deposit, or any part of it, as security for future rent, or to reimburse itself for damages resulting from breach of contract. The defendant, was not only not authorized to hold or retain the surplus for these reasons but on the contrary it was obliged, by the specific terms of the agreement, to return the same to the plaintiff.

Since all rent due at the time of the breach had been paid by the plaintiff, and since no expense was incurred by the defendant in repossessing the machine, the entire amount of deposit became due and owing to the plaintiff upon demand, and the defendant's refusal to

return the same gave the plaintiff a right of action both on the contract and for monies had and received. The trial court correctly ruled that the issue of the plaintiff's liability for damages for breach of contract, which the defendant relied upon, was not before the court.

The defendant might have raised this issue by pleading recoupment or by bringing a cross action but, in the absence of such procedure, no such issue was raised in the case at bar, and the defendant's requests for rulings, pertinent thereto, were therefore properly denied as immaterial.

Report Dismissed.

Warren, Garfield, Whiteside & Lamson of Boston, for the Plaintiff.

McLaughlin Brothers of Boston, for the Defendant.